UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Amanda Jean McCarley,<br><br>    Plaintiff(s),<br><br>vs.<br><br>AIRBNB, Inc., et al.,<br><br>    Defendant(s). | 2:25-cv-00510-JAD-MDC<br><br>**ORDER** |

Pending before the Court are *pro se* plaintiff Amanda Jean McCarley's *Motion/Application to Proceed In Forma Pauperis* ("IFP application") (ECF No. 1), Complaint (ECF No. 1-1), and *Motion for Protective Order* (ECF No. 6). For the reasons stated below, the Court dismisses plaintiff's Complaint without prejudice and with leave to amend. The Court also denies the *Motion for Protective Order* and quashes service.

**DISCUSSION**

**I.   USE OF UCC 1-308**

Upon reviewing plaintiff's IFP application and Complaint, the Court noted that plaintiff included with her signature, "UCC 1-308." This contravenes one of the fundamental purposes of Rule 11. The Federal Rule of Civil Procedure 11(a) states that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

"One of the fundamental purposes of Rule 11 is to reduce frivolous claims, defenses, or motions and to deter costly meritless maneuvers …thereby avoiding delay and unnecessary expense in litigation." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotations omitted). In sum, "Rule 11 is aimed at curbing abuses of the judicial system." *Bus. Guides, Inc. v. Chromatic Communs. Enters.*, 498 U.S. 533, 542, 111 S. Ct. 922, 928 (1991) (internal quotations omitted).

Plaintiff includes "UCC 1-308" next to her name. The relevant portion of UCC § 1-308 states,

> A party that with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as "without prejudice," "under protest," or the like are sufficient.

UCC § 1-308(a).

While the intended meaning is unclear, the Court notes that including "UCC 1-308" is a frequent and common tactic by those who adhere to the sovereign citizen movement. *See Tiffany v. Karen*, 2023 U.S. Dist. LEXIS 91639, at *4 (D. Nev. May 25, 2023) ("Plaintiff also appears to have included in the signature line a reference to "UCC 1-308" which appears to refer to some sort of reservation of rights. This is common in Moorish pleadings because they believe that by "reserving your rights" you can avoid the potential consequences of untruthful answers."); *see also Harper v. California Dep't of Corr. & Rehabilitations*, 2022 U.S. Dist. LEXIS 57821, at *2 (E.D. Cal. March 29, 2022) (collecting cases) (finding that inclusion of UCC 1-308 "has been used by persons who consider themselves to be 'sovereign citizens.'").

The Court finds that plaintiff intends to include UCC § 1-308 as a means to "avoid the potential consequences of untruthful answers." Plaintiff cannot seek to absolve herself from the consequences of untruthful or "frivolous" pleadings and/or filings. *C.f. United States v. Sykes,* 614 F.3d 303, 306 n.2 (7th Cir. 2010) (characterizing defendant's claim that the UCC relieved him of criminal liability as "bizarre"). The purpose of Rule 11 is undermined when filers, such as plaintiff, seek to "reserve her rights" and thereby avoid the penalty such consequences. *See* Fed. R. Civ. P. 11(b)-(c) (permitting sanctions for violations of the rule). To the extent that plaintiff attempts to assert such sovereign citizen/Moorish ideology in her IFP application and Complaint, the Court rejects them. This Court and many others have rejected such movements. *See Harper*, 2022 U.S. Dist. LEXIS 57821, at *2; *see also United States v. Studley*, 783 F.2d 934, 937, fn.3 (9th Cir. 1986) (finding that arguments based on sovereign citizen ideology is frivolous and grounds for sanctions). More importantly, the Court has rejected plaintiff's prior IFP applications for the same reasons, notifying plaintiff that her UCC 1-308 signature is not valid

and contravenes one of the fundamental purposes of Rule 11. *See McCarley v. Stout Ins. Co., LLC.*, No. 2:24-cv-01697-CDS-MDC, 2024 U.S. Dist. LEXIS 205668 (D. Nev. Nov. 12, 2024). Plaintiff's continued submission of documents including her improper UCC 1-308 signature may result in sanctions.

The Court finds that the plaintiff has failed to sign her IFP application and her proposed complaint. Because plaintiff did not sign the complaint, the Court cannot properly consider it for screening. Rule 11 provides that "omission of the signature" may be "corrected promptly after being called to the attention of the attorney or party." The Court will grant plaintiff an opportunity to cure the defect. If plaintiff chooses to cure the defect, she should file a new, properly signed long form IFP application and a complaint, in the form of an amended complaint.

However, even if plaintiff omitted usage of "USS §1-308," her IFP application and Complaint are still deficient. For the purpose of judicial economy, the Court discusses such deficiencies below to give plaintiff an opportunity to address these in her new IFP application and amended complaint.

## II. IFP APPLICATION

### A. Legal Standard

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

//
//
//

### B. Analysis

Notwithstanding plaintiff's use of "UCC 1-308," the Court finds that plaintiff's IFP application is deficient for other reasons. As stated above, for the purpose of judicial economy, the Court addresses these deficiencies so plaintiff may cure them along with the above.

Plaintiff filed a long-form IFP application. *See ECF No. 1*. However, plaintiff's long-form IFP application contains inconsistencies. Therefore, the Court cannot make an accurate determination as to whether plaintiff qualifies for IFP status at this time.

Plaintiff report that she has no assets to her name, including a home or motor vehicle. *See ECF No. 1 at 3*. Plaintiff also reports that she makes no rent or mortgage payments. *Id. at 4*. However, plaintiff states that she pays $198/month for utilities and $50/month for home maintenance. *Id.* Plaintiff also claims she pays $32/month in homeowner's or renter's insurance. *Id.* This appears inconsistent with plaintiff's claims that she neither has a home to her name nor makes rent payments. It is unclear to the Court how or why plaintiff makes utility, home maintenance, or insurance payments if she neither rents nor owns a home. Because of this inconsistency, the Court cannot determine whether plaintiff qualifies for IFP status at this time. Therefore, the Court denies the IFP application.

### III. COMPLAINT

Plaintiff seeks to proceed *in forma pauperis* ("IFP"). Therefore, the Court exercises its discretion to screen her Complaint (ECF No. 1-1) under 28 U.S.C. § 1915(e). Notwithstanding plaintiff's use of "UCC 1-308" and the denial of her IPF, the Court finds that plaintiff's Complaint is deficient for other reasons. As stated above, for the purpose of judicial economy, the Court addresses these deficiencies so plaintiff may cure them along with the above.

#### A. Legal Standard

When a plaintiff seeks to proceed IFP, the court must screen the complaint or the amended complaint purporting to cure any defects of the original complaint. 28 U.S.C. § 1915(e). Section 1915(e) states that a "court shall dismiss the case at any time if the court determines that (A) the allegations of

poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(A), (B)(i)-(iii). Dismissal for failure to state a claim under § 1915(e) incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, **unless** it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added). At issue is whether plaintiff's complaint states a plausible claim for relief.

**B. Analysis**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). "We presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316, 111 S. Ct. 2331, 2336 (1991) (internal quotation marks and citations omitted). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183, 80 L. Ed. 1135, 56 S. Ct. 780 (1936)).

A federal court may exercise either federal question jurisdiction or diversity jurisdiction. Pursuant to 28 U.S.C. § 1331, district courts have federal question jurisdiction when a "civil action[]

aris[es] under the Constitution, laws, or treaties of the United States. "[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank,* 522 U.S. 470, 475, 118 S. Ct. 921, 925 (1998) (internal quotations and citations omitted). Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction when [1] parties are diverse ***and*** [2] "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."

Plaintiff asserts that this Court has jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction. Having reviewed plaintiff's Complaint, the Court finds that there is neither diversity jurisdiction nor federal question jurisdiction in this action. Thus, this Court lacks subject matter jurisdiction over this action.

### a. Diversity Jurisdiction

As stated above, district courts have diversity jurisdiction when [1] parties are diverse ***and*** [2] "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. Plaintiff failed to establish that all parties are diverse and that the amount in controversy exceeds $75,000.

#### i. Complete Diversity

It is unclear whether complete diversity exists. The statutory language of § 1332 has been read to "require complete diversity between all plaintiffs and defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, 126 S. Ct. 606, 613 (2005). This means that plaintiff cannot be a citizen of the same state as any defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). The specific language of § 1332 uses "citizen" rather than residence. *See* 28 U.S.C. § 1332. Residence is not synonymous with domicile or citizenship, *see Kanter v. Warner-Lambert Co.*, 265 F3d 853, 857 (9th Cir. 2001); *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F3d 1082, 1086-87

(9th Cir. 2014) (holding that a complaint is defective if it alleges diversity jurisdiction based on residency rather than citizenship).

Plaintiff asserts that she is a "resident" of Las Vegas, Nevada. *See ECF No. 1-1 at 2*. It is unclear whether plaintiff meant that she is a citizen of Nevada, or she intended to use the word "resident." Which, as noted above, is not synonymous with citizenship. Furthermore, the named defendants, AIRBNB, Inc. and Wanderful Stays, are business entities. Section 1332(c) states that a corporation is deemed to be a citizen of every state where it is incorporated **and** where it has its principal place of business. This means that plaintiff can neither be a citizen of the state where defendants are incorporated nor where defendants have their principal place of business. Plaintiff states that "AIRBNB, Inc., is a corporation, and [] Wanderful Stays is not a legal registered business entity in the state of Nevada or the state of Delaware." *See ECF No. 1-1 at 2*. Based on plaintiff's Complaint, it is unclear the citizenship of the two defendants. Therefore, it is unclear whether plaintiff is diverse from defendants. Thus, diversity jurisdiction has not been established.

### ii. Amount in Controversy

Even if parties were completely diverse, diversity jurisdiction would not be established. Plaintiff asserts that she "made a payment of $2,004.96 to Airbnb for the rental property, with the following price breakdown: $68.27 x 127 nights = $8,670, Cleaning fee = $125.00, Airbnb service fee = $1,241.67, Airbnb Service fee savings = -$475.29[1]…a payment $500 as down payment or security deposit…." These reported payments do not reflect plaintiff's sought damages. Here, taking a liberal approach to calculation, plaintiff's damages total $12,541.63. These costs fall short of the minimum amount in controversy requirement. *See* 28 U.S.C. § 1332(a) (requiring the amount in controversy to **exceed** the sum or value of $75,000) (emphasis added). Plaintiff then requests "damages in the amount of $200,000 for invasion of privacy, breach of agreement, and negligence." *See ECF No. 1-1 at 6*. However, plaintiff fails to allege how she is entitled to that amount. Conclusory allegations as to the amount in controversy

---

[1] The Court did not include the "Airbnb service fee savings" into calculation as it reflects a negative number.

are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003). Therefore, plaintiff has not established that she meets the amount in controversy requirement. Thus, diversity jurisdiction has not been established.

        b. **Federal Question Jurisdiction**

For clarity of the record, the Court also addresses the lack of federal question jurisdiction. Plaintiff does not allege the application of any federal law to any of her claims. "The presence or absence of federal-question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turns on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983)). Plaintiff does not state any federal statutes, federal treaties, or provisions of the United States Constitution at issue that would grant this Court jurisdiction over his claims.

The Supreme Court in *Erickson* requires "[a] document filed *pro se*…be liberally construed" and a pro se complaint, however inartfully pleaded held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. However, "[c]ourts are not required to conjure allegations on behalf of pro se filers." *Coney v. Lozo*, 2024 U.S. Dist. LEXIS 89865, at *5 (D. Nev. May 20, 2024) (internal citations omitted). In other words, "[t]he courts cannot assume the role of advocates and create arguments never made." *Donahue v. United States*, 660 F.3d 523, 524 (1st Cir. 2011); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364-66 (9th Cir. 1986)); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993) ("[A] federal court is not required to construct legal arguments for a pro se petitioner."). Plaintiff's alleged causes of actions arise under state law. Plaintiff does not allege the presence of any

federal question which would give rise to federal question jurisdiction. Thus, the Court cannot construct an argument for jurisdiction where there is none.

### C. Amended Complaint

Although it is unclear whether plaintiff will be able to establish subject matter jurisdiction, the Court will give plaintiff an opportunity to amend her Complaint. "[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a). The Court also warns the plaintiff that her amended complaint, if she chooses to file one for screening, must comply with Rule 8: meaning it must present a short and plain statement of the claims showing that she is entitled to relief. Plaintiff must not include "UCC § 1-308" in her signature, or any similar disclaimers or reservation of rights.

## IV. MOTION FOR PROTECTIVE ORDER

As plaintiff has no viable complaint on the docket, the Court finds that the *Motion for Protective Order* is premature. Therefore, the motion is denied without prejudice. Plaintiff may refile the motion if her complaint has successfully passed screening.

## V. AFFIDAVIT OF SERVICE

Plaintiff filed an affidavit of service. However, plaintiff's Complaint has not passed screening nor has summons been issued. *See* 28 U.S.C. § 1915(e) (requiring courts to screen complaints of plaintiffs seeking to proceed in forma pauperis); *see also* Fed. R. Civ. P. 4(b) (requiring the clerk of court to issue summons for service). Because plaintiff served the summons before summons were issued, the service is improper. Therefore, the Court will *sua sponte* quash service and strike the affidavit.

//

//

## VI. CONCLUSION

Plaintiff not only failed to properly sign her IFP application and Complaint, but the IFP application and Complaint contain deficiencies. The IFP application is inconsistent, and the Complaint fails to establish subject matter jurisdiction. Furthermore, other filings are deficient. Plaintiff's *Motion for Protective Order* is premature as plaintiff has no viable complaint on the docket. Plaintiff's affidavit of service is also premature and improper as her complaint has neither passed screening nor has summons been issued.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The IFP application (ECF No. 1) is DENIED WITHOUT PREJUDICE.

    a. Plaintiff shall either file a new long-form IFP application, compliant with this order, or pay the filing fee by no later than **May 19, 2025.**

2. The Complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE and with leave to amend.

    a. If Plaintiff chooses to file an amended complaint curing the deficiencies of her Complaint as outlined in this order, she must file the amended complaint by no later than **May 19, 2025**.

    b. The Clerk of the Court is kindly directed to send to Plaintiff the approved form for filing a civil complaint, instructions for the same, and a copy of her original complaint (ECF No. 1-1). If Plaintiff chooses to file an amended complaint, she must use the approved form and write the words "First Amended" in the caption.

    c. If Plaintiff files an amended complaint, the Clerk of Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.

3. The *Motion for Protective Order* (ECF No. 6) is DENIED WITHOUT PREJUDICE as premature.

4. The *Affidavit of Service* (ECF No. 8) is stricken, and service is quashed.

DATED this 17th day of April 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.